WATERMAN, Justice
(concurring specially).
I respectfully concur in the result of the majority’s opinion. I write separately to reiterate that no right to counsel attaches under article I, section 10 of the Iowa Constitution before the filing of criminal charges in a court proceeding, for the rea *783 sons thoroughly explained in State v. Senn, 882 N.W.2d 1, 8-31 (Iowa 2016) (surveying language and history of article I, section 10 and determining no right to counsel existed during implied-consent procedures before charges filed). As the majority correctly observes, there is “no other state court in the nation that has held the right to counsel attaches during a criminal investigation prior to the filing of charges.”
Green claims he had a precharge right to counsel under article I, section 10 because an Iowa prosecutor and police traveled to Florida in tandem and the prosecutor guided the police interview. The Fifth Amendment and article I, section 9 of the Iowa Constitution require Miranda warnings to protect the right to counsel during custodial interviews before and after the filing of criminal charges. See State v. Schlitter, 881 N.W.2d 380, 395 (Iowa 2016) (noting under both the Iowa and Federal Constitutions, “[l]aw enforcement officers are required to give Miranda warnings when a suspect is in custody and subjected to interrogation” and analyzing whether defendant was in custody). But as the majority holds, Green’s right to counsel was not triggered in his noncustodial interview conducted as part of the police investigation before the State of Iowa charged him with a crime.
I do not join the majority opinion to the extent it relies on State v. Young, 863 N.W.2d 249, 279 (Iowa 2015), and inaccurately suggests in dicta that “the ^cases’ language of article I, section 10 reflects that the right to counsel can exist even without the filing of formal or informal charges.” Young does not stand for that proposition. To the contrary, Young found a right to counsel in cases in which criminal misdemeanor charges that carried a potential sentence of incarceration had been filed. Id. at 281.
Our court has never previously held or suggested the right to counsel under section 10 could arise before a criminal case is commenced in court. Why suggest that now? We should decide the case before us and leave it at that.
Zager, J., joins this special concurrence.